155 F.3d 1049
 74 Empl. Prac. Dec. P 45,513, 98 Daily Journal
D.A.R. 10,518
Andrew HOLMES, First Lieutenant, Plaintiff-Appellee,
v.
CALIFORNIA ARMY NATIONAL GUARD; Tandy Bozeman, Major, in
his official capacity; Pete Wilson, Governor, in
his official capacity, Defendants-Appellants.
Andrew HOLMES, First Lieutenant, Plaintiff-Appellee,
v.
CALIFORNIA ARMY NATIONAL GUARD; Tandy Bozeman, Major, in
his official capacity; Pete Wilson, Governor, in his
official capacity; U.S. Army National Guard; United States
of America; William J. Perry, Secretary of Defense,
Defendants-Appellants.
Richard P. WATSON, Lieutenant, Plaintiff-Appellant,
v.
William J. PERRY, Secretary of Defense; John Dalton,
Secretary of the Navy; United States of America,
Defendants-Appellees.
 Nos. 96-35314, 96-15726, 96-15855.
 United States Court of Appeals,
Ninth Circuit.
 April 6, 1998.
 
 Before: REAVLEY,* REINHARDT, and WIGGINS, Circuit Judges.
 
 ORDER
 
 1
 Judges Reavley and Wiggins voted to deny plaintiff appellant's and plaintiff appellees's joint petition for rehearing and Judge Reinhardt voted to grant the petition for rehearing. Judge Wiggins recommends rejection of the suggestion for rehearing en banc and Judge Reinhardt votes to accept the suggestion for rehearing en banc.
 
 
 2
 The full court was advised of the suggestion for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R.App. P. 35.
 
 
 3
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 4
 PREGERSON, Circuit Judge, with whom Judges REINHARDT, KOZINSKI, MICHAEL DALY HAWKINS and TASHIMA join, dissenting from denial of rehearing en banc.
 
 
 5
 I dissent from our failure to take en banc the opinion of a divided panel that now stands as the opinion of our court.
 
 
 6
 It is clear to me that the "Don't Ask/Don't Tell" policy imposes silence-not inaction-upon gay and lesbian service personnel: The words "Don't Ask" and "Don't Tell" forbid speech, not conduct.
 
 
 7
 Moreover, this restriction on speech is content-based because it penalizes gay and lesbian members of our armed forces for revealing one basic aspect of their identities, any time or any place. See 10 U.S.C. § 654(a)(9-10) (1997). And this restriction on speech violates the First Amendment because "[t]he point of the First Amendment is that majority preferences must be expressed in some fashion other than [by] silencing speech on the basis of its content." R.A.V. v. St. Paul, 505 U.S. 377, 392, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992).
 
 
 8
 To make matters worse, the "Don't Ask/Don't Tell" policy imposes a viewpoint restriction on speech. Unlike their gay and lesbian counterparts, heterosexual military personnel may talk about their sexuality without jeopardy. The Supreme Court has recognized that "[v]iewpoint discrimination is ... an egregious form of content discrimination." Rosenberger v. Rector and Visitors of the Univ. of Va., 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). Because the government may not favor one speaker's views over another's, even in private speech, see Members of City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 804, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), the "Don't Ask/Don't Tell" policy presumptively offends the First Amendment. When our military applies invasive restrictions on the first amendment rights of our service personnel, it must do so "objectively and evenhandedly." Greer v. Spock, 424 U.S. 828, 839, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976). The "Don't Ask/Don't Tell" policy violates that principle.
 
 
 9
 From another perspective, as a practical matter the silence that this policy imposes on gay and lesbian military personnel can lead others to presume that they assent to a view about their own sexuality that they do not espouse. The Supreme Court has invalidated laws that forced tacit speech on other groups. See, e.g., Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, 515 U.S. 557, 574-76, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995) (declining to force parade organizers to propound a message about Irish sexual identity that they rejected); Lee v. Weisman, 505 U.S. 577, 593, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992) (striking down religious invocation at school because "in our culture ... remaining silent can signify adherence to a view"); Wooley v. Maynard, 430 U.S. 705, 715, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (enjoining New Hampshire from compelling Jehovah's Witnesses to display the motto "Live Free or Die" on their license plates).
 
 
 10
 A person who has taken an oath to protect and defend the Constitution of the United States should not be denied that privilege simply because that person wishes to make a statement about his or her innermost self. It seems to me that such speech, which is truthful and neither harms nor endangers anyone, is shielded by the First Amendment.
 
 
 
 *
 Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation